GEORGE COFFEE *v.* THE STATE.

1. EVIDENCE OF GENERAL CHARACTER.—When a criminal intention is of the essence of the offense charged, the accused may, as relevant to the question of his guilt or innocence, put in issue and prove his general good character in that respect which is impugned by the accusation.

2. SAME—CHARGE TO THE JURY.—In a trial for theft the court in effect instructed the jury that the general good character of the accused for honesty was to be considered only in assessing his punishment, in case they found him guilty. *Held,* error.

APPEAL from the District Court of Lavaca.   Tried below before the Hon. E. LEWIS.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, Presiding Judge.   The appellant, George Coffee, was indicted for the theft of five hogs, of the value of $10 each.   He was convicted by the jury, and his punishment assessed at two years' confinement in the penitentiary.   He has appealed from the judgment of conviction to this court, and has assigned the following errors committed on his trial in the district court, viz. :

" The defendant assigned as error the charge of the court that testimony as to character can be considered by the jury only in apportioning the amount of penalty, if they find the defendant guilty ; and the error of the court in failing to charge the jury that when animals are taken from the range, under circumstances amounting to theft, defendant might be punished otherwise than by confinement in the penitentiary—that is to say, by confinement in the county jail, or by fine."

The 7th instruction given by the court is as follows : " The defendant has placed in issue his character for honesty, and the jury are instructed that they can consider the same, if they believe him guilty, in assessing his punishment."   Before the jury had retired to consider of their verdict, the counsel for the defendant, in open court, excepted to this portion of the charge of the court, and took a bill of exceptions to it.

Upon the question of admissibility of evidence of character of the prisoner there has been some conflict of opinion. The point, in most of the American states, is now pretty well settled that a prisoner is entitled to give his character in

evidence in all criminal cases. The object of laying it before the jury is to induce them to believe, from the improbability that a person of good character should be guilty of the offense charged against him, that there is some mistake or misrepresentation in the evidence on the part of the prosecution; and it is allowed as evidence, like all the other evidence in the case, to be considered by the jury in determining the guilt or innocence of the accused.

In laying down the rule of law in regard to such testimony, Mr. Greenleaf says: "The admissibility of this evidence has sometimes been restricted to doubtful cases; but it is conceived that, if the evidence is at all relevant to the issue, it is not for the judge to decide, before the evidence is all exhibited, whether the case is in fact doubtful or not; nor, indeed, afterwards, the weight of the evidence being a question for the jury alone. His duty seems to be to leave the jury to decide, upon the whole evidence, whether an individual whose character was previously unblemished is guilty of the crime of which he is accused. But the prosecution is not allowed to call witnesses to the general bad character of the prisoner, unless to rebut the evidence of his good character already adduced by the prisoner. The evidence, when admissible, ought to be restricted to the trait of character which is in issue; or, as it is elsewhere expressed, ought to bear some analogy and reference to the nature of the charge; it being obviously irrelevant and absurd, on a charge of stealing, to inquire into the prisoner's loyalty, or, on a trial for treason, to inquire into his character for honesty in his private dealings." 1 Greenl. on Ev., sec. 25; 2 Russell on Cr. 784, 786; 1 Phillips on Ev. 469, and cases cited in the notes. In all criminal cases in this state, wherever a criminal intention is of the essence of the offense, evidence of the general character of the defendant is relative to the issue, and, therefore, admissible. Mr. Roscoe, on the same point, says:

"Evidence of character is admissible for the prisoner, who may show by general evidence that his character is such that he is not likely to have committed the offense which is imputed to him. He can only support that part of his character which is impeached, and only by general evidence—not by evidence of his conduct on particular occasions." Roscoe on Crim. Ev. 94.

A man may sometimes be placed under suspicious circumstances. Notwithstanding these circumstances, he may show that he is of perfectly good character where he is known, and this may go to the jury, to be considered by them as to whether it is sufficient to authorize the jury to acquit him.

For this error in the charge the judgment is reversed.

*Reversed and remanded.*